IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

JENNIFER FELTY                      )
                                    )          No. 3-12-0894
v.                                  )
                                    )
WAL-MART STORES EAST, LP[1]         )


MEMORANDUM

The plaintiff initially filed this action in the Chancery Court for Montgomery County on July 30, 2012. She was represented by counsel at that time. The defendant removed the case to this Court on August 29, 2012. The parties consented to proceed before the Magistrate Judge pursuant to 28 U.S.C. § 636(c) and Rule 73 of the Federal Rules of Civil Procedure, see Docket Entry Nos. 6-7, an initial case management conference was held on November 9, 2012, and case management orders scheduling the progression of the case entered on November 13, 2012 (Docket Entry Nos. 11-12).

On December 6, 2012, the plaintiff's attorney filed a motion to withdraw (Docket Entry No. 13). As grounds, her lawyer recounted that he and the plaintiff had had a "breakdown in communication" and described the plaintiff's "repeated failure to provide counsel with adequate information and cooperation." Counsel further represented that, "after numerous letters and phone calls" to the plaintiff, he sent notices of his intent to withdraw as her counsel on November 12, 2012, and November 26, 2012. See Docket Entry Nos. 13, 13-1, and 13-2. The motion was initially denied by order entered December 31, 2012 (Docket Entry No. 14), and plaintiff's counsel was directed to provide the plaintiff's address, which had been redacted from the copies of the letters filed with the Court, so that the Court and defendant's counsel could communicate with the plaintiff. Plaintiff's counsel filed a notice of the plaintiff's address on January 7, 2013 (Docket Entry No. 15),

---

[1] By order entered November 13, 2012 (Docket Entry No. 12), Wal-Mart Stores East, LP was substituted for WalMart Stores East, Inc. as the sole defendant in this case.

and the motion of plaintiff's counsel to withdraw was granted by order entered January 8, 2013 (Docket Entry No. 16).

In the January 8, 2013, order, the Court gave the plaintiff until February 8, 2013, to obtain new counsel, and scheduled a status/case management conference on February 11, 2013. The order further provided that, if the plaintiff had obtained a new lawyer, such lawyer must appear on February 11, 2013, but, if the plaintiff had not obtained a new lawyer, she must appear herself. She was also specifically cautioned that her failure to appear personally or through counsel on February 11, 2013, could result in the dismissal of this lawsuit. The plaintiff received a copy of the January 8, 2013, order. See Docket Entry No. 18.

On February 11, 2013, defendant's counsel appeared and advised that she had not received any communication from the plaintiff herself since her attorney had been permitted to withdraw. She advised the Court that the defendant had served interrogatories and requests for production of documents on plaintiff's counsel on August 22, 2013, and, when no responses were served, she wrote to plaintiff's counsel on December 3, 2012, shortly after which plaintiff's counsel moved to withdraw.

As a result of the plaintiff's failure to respond to the defendant's written discovery, her failure to appear on February 11, 2013, and her failure to take any steps to prosecute this case, defendant's counsel orally moved to dismiss this action with prejudice.

Rule 16(f) of the Federal Rules of Civil Procedure provides that:

> [i]f a party . . . fails to obey a scheduling . . . order, or if no appearance is made on behalf of a party at a scheduling . . . conference, the judge, upon motion or the judge's own initiative, may make such orders with regard thereto as are just, and among others any of the orders provided in Rule 37(b)(2)(B),(C),(D).

Pursuant to Rule 37(b)(2)(C), as assimilated into Rule 16(f), the Court may dismiss an action. In addition, Rule 41(b) of the Federal Rules of Civil Procedure allows the Court to dismiss an action for the "failure to prosecute or to comply with these rules or any order of court."

The plaintiff failed to cooperate with her counsel, failed to respond to written discovery, and failed to appear on February 11, 2013, despite having been specifically warned that her failure to

2

appear could result in the dismissal of this case.[2]  She has not communicated with defendant's counsel or communicated in any form or fashion with the Court.

The plaintiff has taken no steps to indicate that she wants to continue to prosecute this case and it is clear that the plaintiff has lost interest in this action.

As a result, this case should be dismissed with prejudice for the plaintiff's failure to prosecute, pursuant to Rule 41(b) of the Federal Rules of Civil Procedure, and for the plaintiff's failure to attend the case management conference on February 11, 2013, pursuant to Rules 16(f) and 37(b)(2)(C) of the Federal Rules of Civil Procedure.

An appropriate order will enter.

JULIET GRIFFIN
United States Magistrate Judge

---

[2]  There is no question that the plaintiff received a copy of the January 8, 2013, order, since the plaintiff signed the green, return receipt card herself and it was returned to the Clerk on January 17, 2013--well in advance of the February 11, 2013, proceeding.